UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTON DEBARRY,
#252396,

    Plaintiff,                                                  Civil Action No. 21-CV-10409

vs.                                                           HON. BERNARD A. FRIEDMAN

UNKNOWN KALISIK, et al.,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING THE COMPLAINT AS TO DEFENDANTS KALISIK, CARPENTER AND KAUSER**

       Plaintiff Quenton Debarry, a detainee at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He alleges violations of the First and Eighth Amendments. He names five employees of the Michigan Department of Corrections as defendants: Unknown Kalisik, Unknown Kauser, Unknown Carpenter, Unknown Lennox, and James Gordon Miller. Plaintiff seeks injunctive relief and monetary damages. The Court has granted plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1). For the following reasons, the Court shall dismiss the complaint as to defendants Kalisik, Carpenter, and Kauser.

**I.      The Complaint**

       Plaintiff states that he has a special medical accommodation allowing him to wear his own shoes rather than state-issued oxford shoes. Compl. at PageID.6-7. Plaintiff alleges that on November 3, 2019, defendant Carpenter issued plaintiff a pass allowing him to leave his unit because he had a visitor. *Id.* Plaintiff explained his special accommodation and Carpenter allowed him to proceed. *Id*. Upon arriving at the visiting area, defendant Kalisik allegedly advised plaintiff that,

based upon information received from Carpenter, plaintiff had to return to his unit for his state-issued oxfords before he could see his visitor. *Id.* at PageID.7. Plaintiff showed Kalisik his medical accommodation detail and explained that he did not have a pair of oxfords, but she was not persuaded. *Id.* Plaintiff was allegedly given the choice to find a pair of oxfords or forego the visit. *Id.* Plaintiff returned to his unit and borrowed shoes from another prisoner. *Id.* The shoes he borrowed were two sizes too small causing him pain and swelling. *Id.* When the visit concluded, plaintiff complained to a shift commander, who contacted health services. *Id.* at PageID.8. A nurse examined plaintiff's feet and returned him to his unit in a wheelchair. *Id.* Plaintiff filed grievances against Carpenter and Kalisik based upon their refusal to honor his shoe accommodation. *Id.* The grievances were denied, as were the appeals. *Id.* at PageID.8-10.

Next, plaintiff alleges that he was threatened by defendant James Gordon Miller on November 5, 2019, while Miller and defendant Kauser were transporting him from a medical appointment back to prison. *Id.* at PageID.10. During the drive, Miller allegedly stopped the car and told plaintiff that he had heard from Carpenter that plaintiff was causing problems at the prison. *Id.* Plaintiff did not respond. *Id.* Miller then allegedly pointed his gun at plaintiff and said, "you see all that yard back there, I can make sure that your body don't get found or all I have to say is that I tried to put your leg restraints on you, and you tried to run and I shot you in the back." *Id.* at PageID.11. While continuing to point his gun at plaintiff, Miller allegedly told him: "[W]hen I open my door and get out to open your door you better get out." *Id*. Kauser then grabbed Miller's arm and said they had better leave. *Id.* Miller agreed and plaintiff was returned to the facility.

Third, plaintiff states that he was scheduled for a medical appointment on January 28, 2020. *Id.* at PageID.14. He alleges that he was initially told that he could not wear his medical shoes, so he wore ill-fitting oxfords instead. *Id*. Plaintiff showed his medical accommodation form to the

transportation officers and they permitted him to return to his unit to change shoes. *Id.* While he was doing so, defendant Lennox incorrectly told the transportation officers that plaintiff had refused to attend his medical appointment and that they should leave without him. *Id.* Lennox also allegedly confiscated two pairs of plaintiff's medical shoes and filed a false misconduct charge against plaintiff in retaliation for plaintiff's complaints about defendant Miller. *Id.* at PageID.15.

## II. Legal Standards

Under the Prison Litigation Reform Act, the Court is required to screen an in forma pauperis complaint before service and to dismiss the complaint in whole or in part if the Court determines that the action is "frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief." 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A pro se complaint should be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers," but must still plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To state a claim under § 1983, plaintiff must allege that (1) he was "deprived of a right secured by the Constitution and the laws of the United States" and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (internal quotation marks omitted).

## III. Discussion

### A. **Defendants Kalisik and Carpenter**

Plaintiff claims that defendants Kalisik and Carpenter violated his rights under the Eighth Amendment when they did not allow him to wear medically-prescribed shoes to see his visitor

3

on November 3, 2019. He alleges that the shoes he had to borrow from another prisoner were two sizes too small and caused swelling and pain in his feet.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal quotation marks and citations omitted). The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals and is violated when a prison official is deliberately indifferent to their serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. (footnotes omitted).

An Eighth Amendment claim consists of an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component examines whether the pain or deprivation allegedly suffered was "sufficiently serious" to implicate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). To be "sufficiently serious," the act must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

The subjective component requires plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to plaintiff's serious needs. *See Farmer*, 511 U.S. at 834. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The deliberate

4

indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835.

Plaintiff's deprivation of medical shoes by Kalisik and Carpenter for a portion of a single day was not enough to establish the objective component of an Eighth Amendment claim. The temporary, isolated deprivation of medical shoes did not deprive plaintiff of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The deprivation related to Kalisik's and Carpenter's actions was short-lived and plaintiff does not allege that he suffered any lasting injury. *See Brown v. Perez*, No. 16-2558, 2017 WL 3378994, at *2 (6th Cir. Apr. 17, 2017) (noting "the temporary nature of [plaintiff's] injuries" in concluding that the acts alleged did "not violate the Eighth Amendment"). Further, plaintiff does not claim that Kalisik or Carpenter interfered with plaintiff's ability to wear medical shoes beyond their actions on November 3, 2019. For these reasons, the Court will dismiss the complaint as to defendants Kalisik and Carpenter.

### B. Defendant Kauser

While transporting plaintiff back to the correctional facility on November 5, 2019, plaintiff maintains that defendants Miller and Kauser violated his rights under the First Amendment in retaliation for his complaints against Carpenter. Government officials may not retaliate against someone for engaging in constitutionally protected conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). The Sixth Circuit has held that

> [a] retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The plaintiff bears the burden of proof on all three elements. *See Mt. Healthy*, 429 U.S. at 287; *Smith v. Campbell*, 250 F.3d 1032, 1038

(6th Cir. 2001).

Plaintiff claims that defendant Miller threatened him with a gun in retaliation for plaintiff's complaints against Carpenter. This allegation is sufficient to survive the Court's initial screening under § 1915(e). Defendant Kauser's alleged involvement is based upon his presence in the vehicle with plaintiff and Miller. According to the complaint, Kauser intervened when Miller was holding a gun and ordering plaintiff out of the vehicle. Kauser grabbed Miller's arm and told him it was time to return to the prison. Based on these allegations, Kauser was not complicit in the alleged retaliatory act, but rather sought to stop it. Plaintiff, therefore, fails to state a claim against Kauser.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that the complaint is dismissed as to defendants Kalisik, Carpenter, and Kauser. Plaintiff's remaining claims may proceed against defendants Lennox and Miller.

Dated: May 27, 2021  
      Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 27, 2021.

Quenton Debarry #252396  
LAKELAND CORRECTIONAL FACILITY  
141 FIRST STREET  
COLDWATER, MI 49036

s/Johnetta M. Curry-Williams  
Case Manager