UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTON DEBERRY,
#252396,

       Plaintiff,                          Civil Action No. 21-CV-10409

vs.                                  HON. BERNARD A. FRIEDMAN

UNKNOWN KALISIK, et al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTION FOR APPOINTMENT OF COUNSEL**

This matter is presently before the Court on plaintiff's motion for appointment of counsel. (ECF No. 22). Plaintiff Quenton Deberry, a detainee at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He alleges that various employees of the Michigan Department of Corrections violated his rights under the First and Eighth Amendments.

In the instant motion, plaintiff states that he was recently transferred to Saginaw Correctional Facility, where he was placed "in segregation and has no access to the law library." (*Id.*, PageID.84). He adds that the facility is presently "on lockdown and the law library has been suspended." (*Id.*). Prior to his recent transfer, plaintiff was incarcerated at Lakeland Correctional Facility, where he "had help from a law library clerk" who prepared his "complaint and mediation statement." (*Id.*, PageID.83). Plaintiff explains that he is unable to afford counsel, the issues raised in his complaint are complex, he "has limited knowledge of the law, and . . . is not capable of responding to pleadings the defendants[] may be filing." (*Id.*, PageID.83-84, 88-90). For these reasons, plaintiff asks that the Court appoint counsel to represent him in this case.

"A district court has discretion to appoint counsel for an indigent civil litigant."

*Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993).  The Sixth Circuit has stated that

> [a]ppointment of counsel in a civil case is not a constitutional right.  It
> is a privilege that is justified only by exceptional circumstances.  In
> determining whether 'exceptional circumstances' exist, courts have
> examined the type of case and the abilities of the plaintiff to represent
> himself.  This generally involves a determination of the complexity of
> the factual and legal issues involved.

*Id*. at 605-06 (internal quotation marks and citations omitted).  Plaintiff has demonstrated, by filing motions in this matter previously, that he is capable of serving as his own advocate.  The instant motion, for example, which was prepared by plaintiff following his transfer to Saginaw Correctional Facility, is well articulated, effectively argued, and demonstrates plaintiff's understanding of the factual and legal issues involved in this case.  Under these circumstances, appointment of counsel would not be appropriate.  Accordingly,

IT IS ORDERED that plaintiff's motion for appointment of counsel (ECF No. 22) is denied.  If plaintiff requires additional time to file motions, response briefs, or reply briefs, he is free to request as much from the Court.

Dated:  March 8, 2022
      Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2022.

Quenton Debarry #252396
LAKELAND CORRECTIONAL FACILITY
141 FIRST STREET
COLDWATER, MI 49036

s/Johnetta M. Curry-Williams
Case Manager

2