UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| QUENTON DEBERRY, | |
| Plaintiff, | Case No. 21-cv-10409 |
| | Honorable Bernard A. Friedman |
| v. | Magistrate Judge Elizabeth A. Stafford |
| MICHAEL LENNOX, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT LENNOX'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (ECF NO. 34)**

## I.    Introduction

Plaintiff Quenton Deberry, a pro se prisoner, filed this civil rights action under 42 U.S.C. § 1983, against Defendants Michael Lennox and James G. Miller, employees of the Michigan Department of Corrections (MDOC).  ECF No. 1.  Deberry asserts First Amendment retaliation and Eighth Amendment deliberate indifference claims against Lennox.  *Id.*  The Honorable Bernard A. Friedman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 24.  Lennox moves to dismiss or for summary judgment.  ECF No. 34.  For the reasons below,

the Court **RECOMMENDS** that Lennox's motion be **GRANTED IN PART AND DENIED IN PART**.

## II.    Background

Deberry alleges that transport officers told him he had to wear state-issued oxfords instead of his medical shoes for an offsite medical appointment.  ECF No. 1, PageID.14.  Deberry showed the officers an accommodation allowing him to wear the medical shoes, but they insisted that he must wear oxfords.  *Id.* at PageID.5-6, 14.  The officers let Deberry go to his unit to change his shoes but left before he returned because Lennox allegedly told them that Deberry refused to go to his appointment. *Id.* at PageID.14.

Deberry also alleges that Lennox confiscated two pairs of his medical shoes after he confronted Lennox about the harassment and asked for a grievance form.  *Id.* at PageID.14-15.  When Deberry complained that he had no medical shoes to wear, Lennox allegedly responded, "That's your problem and you probably would have a pair to wear if you did not threaten[ ] me with a grievance."  *Id.*  Lennox allegedly later said that Deberry "made a mistake to file a complaint against a staff member," referencing Deberry's complaint that Defendant Miller threatened him with a gun.  *Id.*  Lennox then allegedly gave Deberry two retaliatory misconduct

2

tickets for lying about the medical shoes and possessing contraband.  *Id.* at PageID.16.

Deberry asserts First Amendment retaliation and Eighth Amendment deliberate indifference claims against Lennox.  *Id.* at PageID.17-18. Lennox moves for summary judgment based on Deberry's failure to exhaust administrative remedies and to dismiss for failure to state a claim. ECF No. 34.

### III.   Analysis

### A.

The Court first considers Lennox's summary judgment argument. "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material

fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant

satisfies this burden, the burden shifts to the non-moving party to go

beyond the pleadings and set forth specific facts showing a genuine issue

for trial.  *Id.* at 324.  The Court must view the factual evidence in the light

most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380

(2007).

## B.

Lennox argues that Deberry failed to exhaust his administrative

remedies on his First Amendment retaliation claim.  ECF No. 34,

PageID.139.  The Prison Litigation Reform Act (PLRA) requires prisoners

to "properly" exhaust all "available" administrative remedies before filing a

lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v.*

*Ngo*, 548 U.S. 81, 88-90, 93 (2006).  The PLRA requires exhaustion of

internal remedies for "all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege

excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532

(2002).  To meet this requirement, an inmate must strictly comply with the

administrative process provided by the prison.  *Woodford*, 548 U.S. at 93-

94.  But an inmate need only exhaust those remedies that are actually

"available"; if an administrative remedy "is not capable of use to obtain

4

relief," then § 1997e will not act as a barrier to suit.  *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence."  *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so."  *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (internal quotation marks omitted).  Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

Deberry alleges that Lennox retaliated against him by misinforming the transport officers that he refused to attend his appointment, confiscating his medical shoes, and issuing false misconduct tickets.  ECF No. 1, PageID.15-16.  The Court first addresses exhaustion of the retaliation claims subject to the grievance procedures and then turns to exhaustion of the retaliatory misconduct claim.

5

**1.**

MDOC Policy Directive (PD) 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances.  ECF No. 34-3.  The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues.  *Id.* at PageID.192-193, ¶¶ Q, W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due.  *Id.* at PageID.194, ¶ DD.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due.  *Id.* at PageID.195, ¶ HH.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Deberry filed one grievance against Lennox, ARF-20-01-0195-17A. *See* ECF No. 34-2.  The grievance alleged that Deberry's "unit" told the transport officers that he refused to go to his appointment and that Lennox

"became upset" when Deberry asked for a grievance form.  ECF No. 34-2, PageID.172.  Deberry also alleged that Lennox later confiscated his medical shoes.  *Id.*  Lennox allegedly stated, "I wonder what [you're] going to say tomorrow at your meeting [about Deberry's allegations against Miller]."  *Id.*  Deberry's grievance said that Lennox confiscated his shoes in retaliation for his complaints against Miller and in deliberate indifference to his medical needs.  *Id.*  The grievance was denied on the merits at Steps I, II, and III.  *Id.* at PageID.167-171.

Lennox contends that Deberry's "vague references" to retaliation in his grievance did not exhaust the claim.  *Id.* at 141-142.  This argument lacks merit.  The grievance expressly asserted that Lennox took Deberry's medical shoes in retaliation for his complaint against Miller.  ECF No. 34-2, PageID.172.  This allegation gave MDOC officials "fair notice" and exhausted the claim.  *See Douglas v. Caruso*, No. 1:07-cv-18, 2008 WL 4534061, at *8-9 (W.D. Mich. Sept. 30, 2008) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

But Deberry did not allege in his grievance that Lennox told the transport officers that Deberry refused to attend his appointment or claim that such conduct was retaliatory.  ECF No. 34-2, PageID.172.  Thus, Deberry did not exhaust his claim that Lennox falsely told transport officers

that Deberry refused to go to his appointment.  *See Garth v. Hall*, No. 2:21-cv-00047, 2022 WL 4072879, at \*5 (W.D. Mich. July 18, 2022), *adopted*, 2022 WL 4016769 (W.D. Mich. Sept. 2, 2022) (a retaliation claim is not exhausted when the grievance does not identify the allegedly retaliatory conduct).

Lennox also argues that a plaintiff cannot exhaust two constitutional claims in a single grievance, as PD 03.02.130 states that grievances that contain "multiple unrelated issues" will be rejected.  ECF No. 34, PageID.141 (citing ECF No. 34-3, PageID.190, ¶ J(1)).  Since Deberry's grievance asserted and exhausted a deliberate indifference claim, Lennox maintains that it could not have exhausted a retaliation claim.  *Id.*  But MDOC waived this procedural issue when it failed to reject the grievance and instead addressed it on the merits.  *See Wilson v. Taskila*, No. 2:21-cv-236, 2022 WL 16745768, at \*5 (W.D. Mich. Sept. 20, 2022) (when MDOC denied a grievance on the merits at Steps I and II but rejected the grievance at Step III because it contained multiple unrelated issues, MDOC waived its exhaustion defense based on that procedural defect).  And since Deberry's retaliation and deliberate indifference claims stem from the same conduct—Lennox's confiscation of Deberry's medical shoes—it is not clear that the grievance raised multiple unrelated claims.  *See id.*

8

Lennox argues that MDOC did not waive its argument that Deberry raised multiple issues in his grievance because it addressed only the merits of the deliberate indifference claim (and not the retaliation claim) in its grievance response.  ECF No. 44, PageID.290-291.  Not so.  In its Step I response, MDOC noted that Deberry was required to wear state issued shoes offsite and that Lennox did not harass Deberry because he complied with prison procedures.  ECF No. 34-2, PageID.171.  Although MDOC used the term "harass" instead of "retaliate," the substance of the decision addresses Deberry's retaliation allegation.  And Lennox's reliance on *Lee v. Willey* is unavailing.  In *Lee*, the plaintiff improperly raised a claim for the first time in his Step II appeal.  789 F.3d at 780.  The Sixth Circuit held that the prison did not waive its procedural defense because it did not respond to the new claim.  *Id.*  Deberry raised retaliation at Step I, and MDOC addressed the merits of the claim.

Thus, Deberry exhausted his claim that Lennox retaliated against him by confiscating his shoes but did not exhaust the claim that Lennox retaliated by falsely telling transport officers that he refused to go to his appointment.

**2.**

Deberry also claims that Lennox gave him two retaliatory misconduct tickets.  Lennox contends that Deberry failed to exhaust this claim because he did not address the misconduct tickets in his grievance.  ECF No. 34, PageID.141.  But a retaliatory misconduct claim cannot be exhausted through the grievance process.  MDOC policy states that decisions about misconducts are non-grievable and must be challenged through a hearing.  *See* ECF No. 34-3, PageID.190-191, ¶ J(9), (11).  Thus, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing.  *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011).  And "if the prisoner does not successfully resolve the dispute at the misconduct hearing, he must 'file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order.'"  *Smith*, 2019 WL 7946345, at *3 (quoting Mich. Comp. Laws § 791.255(1)) (cleaned up).

Because Lennox does not address whether Deberry raised retaliation during his misconduct hearings, he has not carried the burden of proving his exhaustion defense.  *See Lee*, 789 F.3d at 677

## C.

Next, the Court considers Lennox's motion to dismiss.  A motion to

dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To

survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* court explained, "[a]

claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do

more than create speculation or suspicion of a legally cognizable cause of

action; they must show *entitlement* to relief."  *League of United Latin Am.*

*Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the

Court must construe the complaint in the light most favorable to the plaintiff

and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at

678.  But "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice," *id.*, and the

Court has no duty to create a claim not spelled out in the pleadings,

*Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865,

11

871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a

more liberal reading than would be afforded to formal pleadings drafted by

lawyers, but such complaints still must plead a plausible claim for relief.

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012);

*Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**D.**

Lennox argues that he is entitled to qualified immunity.  The qualified

immunity analysis has two steps: "(1) whether, considering the allegations

in a light most favorable to the party injured, a constitutional right has been

violated, and (2) whether that right was clearly established."  *Estate of*

*Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005).  Lennox

argues that Deberry has not adequately pleaded an Eighth or First

Amendment violation and that his retaliation claim does not involve a

clearly established right.  ECF No. 34, PageID.143-152.

**1.**

The Eighth Amendment protects against the infliction of "cruel and

unusual punishments."  U.S. Const. amend. VIII; *Estelle v. Gamble*, 429

U.S. 97, 101 (1976).  Because the government must provide medical care

for those it has incarcerated, "deliberate indifference to serious medical

needs of prisoners constitutes the unnecessary and wanton infliction of

pain," and thus violates the Eighth Amendment.  *Estelle*, 429 U.S. at 103-104 (cleaned up).  But a plaintiff must show more than a mere failure to provide adequate medical care to prove a constitutional violation. *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).  "A constitutional violation arises only when [a prison official] exhibits deliberate indifference to a prisoner's serious illness or injury that can be characterized as obduracy and wantonness rather than inadvertence or" good-faith error.  *Id.* (cleaned up).

To prevail on a deliberate indifference claim, an inmate must satisfy both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For the objective component, Deberry must allege that Lennox's acts or omissions deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm."  *Id.*  The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

13

Deberry's allegations do not satisfy the objective component.  He

alleges no facts suggesting that the confiscation of his medical shoes

posed a serious harm.  Deberry says that he was "very embarrassed" when

he had to remove his medical shoes at Lennox's desk and that he was

forced to wear old, smelly shoes that were too small.  ECF No. 1,

PageID.14-15.  But deprivation of properly fitting shoes is not an objectively

serious medical need.  *See, e.g.*, *Taylor v. Serna*, No. 5:19-CV-239-M-BQ,

2020 WL 930836, at *2 (N.D. Tex. Jan. 20, 2020), *adopted*, 2020 WL

918786 (N.D. Tex. Feb. 26, 2020) (prisoner who was allegedly deprived of

his shoes and had to walk barefoot failed to assert that he suffered harm

that was more than *de minimis*); *Loadholt v. Lape*, No. 9:09-CV-0658, 2011

WL 1135934, at *4 (N.D.N.Y. Mar. 3, 2011), *adopted*, 2011 WL 1114253

(N.D.N.Y. Mar. 25, 2011) (refusal to give prisoner "better shoes" did not

meet the objective element); *Williams v. Perlman*, No. 9:06-CV-00936,

2009 WL 1652193, at *6-7 (N.D.N.Y. Feb. 5, 2009), *adopted in relevant

part*, 2009 WL 1652188 (N.D.N.Y. June 10, 2009) (prisoner allegedly

forced to wear poorly fitting boots that exacerbated his foot condition failed

to assert a "constitutionally cognizable serious medical need").  In fact,

Judge Friedman dismissed the claims against two other defendants

because deprivation of Deberry's medical shoes "for a portion of a single

14

day was not enough to establish the objective component of an Eighth Amendment claim."  ECF No. 6, PageID.37.

Deberry argues that he required medical shoes because he has rods and pins in his right leg, which is one inch shorter than his left leg.  ECF No. 42, PageID.260.  He also contends that he was wearing a neck brace and using a cane on the day Lennox confiscated his shoes.  *Id.* at PageID.258, 261.  The complaint does not allege these new details, and parties cannot add pleadings through a response brief.  *See Jocham v. Tuscola Cnty.*, 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003) ("The pleading contains no such allegation, and the plaintiffs may not amend their complaint through a response brief.").  But even if Deberry had included these allegations in his complaint, he still has not alleged that deprivation of his medical shoes resulted in serious physical harm.  *See Williams*, 2009 WL 1652193, at *6-7.  Thus, Lennox is entitled to qualified immunity, as Deberry has failed to plead facts stating a plausible claim that Lennox violated his Eighth Amendment rights.

**2.**

Lennox also argues that Deberry cannot state a plausible First Amendment retaliation claim because he was not engaged in protected conduct.  ECF No. 34, PageID.150-151.  To succeed on his retaliation

claim, Deberry must allege that: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) "there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Deberry's] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Sixth Circuit imposes a "high burden" for the third factor; there must be some evidence of retaliatory motive, and conclusory allegations are insufficient. *Hill v. Lappin*, 630 F.3d 468, 475-76 (6th Cir. 2010).

Lennox argues that Deberry cannot show that he was engaged in protected activity because wearing medical shoes offsite violated prison regulations. ECF No. 34, PageID.151. This argument confuses the "protected conduct" and causation elements. It is true that "if a prisoner violates a legitimate prison regulation, he is not engaged in "protected conduct," and cannot proceed beyond step one." *See Thaddeus-X*, 175 F.3d at 395. But that principle applies when the protected conduct itself violates a prison regulation—for example, if a prisoner files a frivolous grievance or abuses the grievance process. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (while filing grievances is protected under the

First Amendment, filing frivolous grievances is not).  Deberry alleges that

he engaged in protected conduct by grieving Miller's alleged misconduct

and by asking Lennox for a grievance form.  ECF No. 1, PageID.15-16.

Filing grievances is protected activity.  *Rodgers v. Hawley*, 14 F. App'x 403,

410 (6th Cir. 2001).  And Lennox does not contend that Deberry's

grievance activity was wrongful.  Thus, Deberry has alleged that he was

engaged in protected conduct.

Lennox's argument is better characterized as a challenge to

causation.  Deberry alleges that Lennox confiscated his medical shoes and

gave him false misconduct tickets in retaliation for his protected conduct.

ECF No. 1, PageID.14-15, 17.  Lennox says these adverse actions were

motivated by Deberry's violations of prison regulations and not his

protected conduct.  ECF No. 34, PageID.151.  Operating procedure

04.04.135 states that all prisoners "will be dressed in regulation state

issued blue clothing and state shoes when leaving the facility.  The only

exception will be to fulfill medically required emergencies such as special

footwear, Etc."  ECF No. 34-2, PageID.171.[1]  MDOC's Step I grievance

response noted that, according to a nurse, Deberry was required to wear

---

[1] Although this procedure is quoted in the Step I response to Deberry's
grievance, Lennox did not provide a copy of the procedure.

state-issued shoes offsite.  *Id.*  But Deberry alleges that he had a medical

accommodation authorizing him to wear medical shoes.  ECF No. 1,

PageID.14.  Thus, whether Deberry violated a regulation or Lennox

retaliated against him is a question of fact, and Deberry has sufficiently

pleaded his retaliation claim.  *See Johnson v. Freeburn*, 144 F. Supp. 2d

817, 826 (E.D. Mich. Mar. 30, 2001); *see also Abel v. Lyon*, No. 19-12556,

2021 WL 1851294, at *3 (E.D. Mich. May 10, 2021).

### 3.

Last, Lennox argues that he is entitled to qualified immunity because

the conduct alleged does not violate a clearly established First Amendment

right.  ECF No. 34, PageID.146-152.

A right is clearly established if "binding precedent from the Supreme

Court, the Sixth Circuit, the district court itself, or other circuits" would make

the unlawfulness of the alleged conduct apparent to a reasonable official.

*Wenk v. O'Reilly*, 783 F.3d 585, 589 (6th Cir. 2015).  A case need not be

directly on point for a right to be clearly established, but existing precedent

must give officials fair warning that the conduct at issue is unlawful.  *Id.* at

1152-53; *see also Taylor v. Riojas*, 141 S. Ct. 52 (2020) (holding that no

reasonable officer could have concluded that conditions of confinement

were constitutionally permissible under the extreme circumstances of the

18

case despite no precedent with similar facts).  The Supreme Court has warned courts "not to define clearly established law at a high level of generality."  *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (cleaned up).

Lennox argues that he is entitled to qualified immunity because Deberry cannot point to clearly established law that confiscation of medical shoes can give rise to a retaliation claim.  ECF No. 34, PageID.152.  But it is clearly established that "confiscating an inmate's legal papers and other property constitutes sufficient injury to support a First Amendment retaliation claim."  *Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir. 2002); *see also Hall v. Sutton*, 755 F.2d 786, 787 (11th Cir. 1985) (prisoner pleaded a plausible retaliation claim based on the alleged confiscation of his tennis shoes); *Riley v. Contu*, 172 F.R.D. 224, 227 (E.D. Mich. 1997) (confiscation of prisoner's legal property supported a retaliation claim).  And Lennox does not dispute that it is clearly established that a false misconduct ticket can give rise to a retaliation claim.  *See Maben v. Thelen*, 887 F.3d 252, 262-63 (6th Cir. 2018).

## IV.   Conclusion

The Court **RECOMMENDS** that Lennox's motion to dismiss or for summary judgment be **GRANTED IN PART AND DENIED IN PART** (ECF No. 34).  Deberry's Eighth Amendment claim and retaliation claim based on

Lennox's alleged statements to transport officers should be dismissed.  But

his retaliation claims premised on Lennox's confiscation of his shoes and

false misconduct tickets should proceed.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 15, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And

only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of

objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager