UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| QUENTON DEBERRY,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHAEL LENNOX, *et al.*,<br><br>                    Defendants. | Case No. 21-cv-10409<br>Honorable Bernard A. Friedman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE THE RETALIATORY MISCONDUCT CLAIM AGAINST DEFENDANT LENNOX**

I.   **Introduction**

Plaintiff Quenton Deberry, a pro se prisoner, filed this civil rights action under 42 U.S.C. § 1983, against Defendants Michael Lennox and James G. Miller, employees of the Michigan Department of Corrections (MDOC).  ECF No. 1.  The Honorable Bernard A. Friedman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 24.

In November 2022, the Court considered Lennox's dispositive motion and recommended dismissing all claims against him except for a retaliatory misconduct claim and a retaliation claim based on his alleged confiscation

of Deberry's medical shoes.  ECF No. 57.  Regarding the retaliatory misconduct claim, the Court found that Lennox did not carry his burden of showing that Deberry failed to exhaust by raising the claim during the misconduct hearings.  *Id.*, PageID.396.  Judge Friedman partially adopted the Court's recommendation but remanded the matter for review of whether Deberry raised retaliation during the misconduct hearings.  ECF No. 60, PageID.459, 466.  Lennox and Deberry submitted supplemental briefing on the issue.  ECF No. 64; ECF No. 65; ECF No. 66.  For the reasons below, the Court **RECOMMENDS** that Deberry's retaliatory misconduct claim against Lennox be **DISMISSED WITHOUT PREJUDICE**.

II.   Analysis

A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## B.

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the administrative process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually

3

"available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

MDOC Policy Directive (PD) 03.02.130 states that decisions about misconduct tickets are non-grievable and must be challenged through a hearing. *See* ECF No. 34-3, PageID.190-191, ¶ J(9), (11). Thus, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing. *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers v.*

4

*Campbell*, 652 F.3d 681, 694 (6th Cir. 2011).  To fully exhaust, the prisoner must raise the claim of retaliation at the initial misconduct hearing and, if unsuccessful, in the available avenues for rehearing or appeal.  *McNees v. Torrey*, No. 1:19-CV-121, 2021 WL 1178627, at *4 (W.D. Mich. Mar. 4, 2021), *adopted*, 2021 WL 1171958 (W.D. Mich. Mar. 29, 2021); *Triggs v. Barnhardt*, No. 2:20-CV-8, 2021 WL 6550824, at *5 (W.D. Mich. Dec. 16, 2021), *adopted*, 2022 WL 170062 (W.D. Mich. Jan. 19, 2022); *see also* MDOC PD 03.03.105, ¶¶ SSS-XXX (describing the rehearing and appeal processes).[1]

Deberry alleges in his complaint that Lennox retaliated against him by issuing two false misconduct tickets.  ECF No. 1, PageID.16.  The first misconduct charged Deberry with lying about whether the athletic shoes he was wearing were authorized, state-issued medical shoes.  ECF No. 59-2, PageID.443.  Deberry pleaded not guilty, arguing that the shoes were state issued.  *Id.*, PageID.444.  Deberry was found guilty.  *Id.*, PageID.444.  In his appeal, Deberry argued that he was allowed to wear both medical shoes and athletic shoes and that he was given the athletic shoes at another prison.  *Id.*, PageID.442.  Although Deberry also claimed that the

---

[1] *See* https://perma.cc/F3PV-V3XL (last visited March 21, 2023).

hearing officer was biased, he did not allege that Lennox retaliated against him either during the hearing or on appeal. *Id.*, PageID.442, 444.

The second misconduct charged Deberry with possession of contraband—shoes that were not marked with his inmate number and that were altered with paint. ECF No. 59-3, PageID.447. Deberry pleaded not guilty and asserted that the shoes were issued to him. *Id.*, PageID.448. Deberry appealed the guilty determination, arguing that he received the shoes at another prison that did not put inmate numbers on personal property and that the alleged paint was shoe polish. *Id.*, PageID.446. He also argued that the hearing officer did not give him a chance to present evidence and refused to contact healthcare to verify his authorization for medical shoes. *Id.* Again, the record fails to show that Deberry alleged that Lennox retaliated against him during the hearing or on appeal.

Deberry does not contend that he raised retaliation during the hearings or in his appeals. Instead, he contends that he indirectly raised the issue by disputing the facts underlying the misconduct tickets. ECF No. 65, PageID.497. That is not enough to satisfy the exhaustion requirement; instead, a prisoner must tell the hearing officer that the misconduct was retaliatory. *See Butler v. Scholten*, No. 1:19-CV-449, 2020 WL 5798088, at

6

*4 (W.D. Mich. Sept. 29, 2020) (holding that the plaintiff failed to exhaust a retaliatory misconduct claim by disputing the factual basis).

Deberry's argument that MDOC policy did not permit him to raise retaliation when appealing the misconducts also lacks merit.  *See* ECF No. 65, PageID.497.  MDOC policy states that a prisoner found guilty at a class III misconduct hearing may submit an appeal form within 15 days of receiving a hearing officer's written decision.  MDOC Policy Directive 03.03.105, ¶ YYY.  And a hearing decision must be reversed if it conflicted with other MDOC policies or was "not supported by the evidence on the record"—criteria that would encompass Deberry's allegation that Lennox falsified the misconducts to retaliate against him.  *Id.*, ¶ ZZZ.  Besides, Deberry had to raise the allegation of retaliation at both the initial hearing and on appeal, but he failed to do so at either stage.

Deberry also contends that he exhausted the claim by following the grievance procedures.  *See* ECF No. 65, PageID.497.  That argument is also unavailing.  As discussed above, the grievance process does not apply, and prisoners must exhaust retaliatory misconduct claims through the hearing and appeals process.  *Chrzan*, 2020 WL 1067291, at *3.  The rest of Deberry's response disputes the factual basis for the misconduct tickets, arguing that he was allowed to wear the shoes in question.  Those

7

arguments are irrelevant to whether Deberry exhausted his retaliatory misconduct claim.

Because the unrebutted evidence shows that Deberry failed to raise retaliation during his misconduct hearings or in his appeals, his retaliatory misconduct claim against Lennox should be dismissed for failure to exhaust.

### III.   Conclusion

The Court **RECOMMENDS** Deberry's retaliatory misconduct claim against Lennox be **DISMISSED WITHOUT PREJUDICE**.

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: March 21, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2023.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager