UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTON DEBERRY,

Plaintiff,

v.

MICHAEL LENNOX,

Defendant.

Case No. 21-cv-10409
Honorable Bernard A. Friedman
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
(ECF NO. 80)**

---

## I.     Introduction

Plaintiff Quenton Deberry, a pro se prisoner, filed this civil rights

action under 42 U.S.C. § 1983, against Defendant Michael Lennox, a

corrections officer at the Michigan Department of Corrections (MDOC).

ECF No. 1.  Deberry alleges that Lennox retaliated against him for filing

grievances and complaints by confiscating his medical shoes, in violation of

the First Amendment.  *Id.*  The Honorable Bernard A. Friedman referred the

case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).

ECF No. 24.  Lennox moves for summary judgment.  ECF No. 80.  For the

reasons below, the Court **RECOMMENDS** that Lennox's motion be

**GRANTED**.

## II.    Background

Because one of Deberry's legs is longer than the other, he was given

a medical detail for a pair of prescription athletic shoes.  ECF No. 83-2,

PageID.636, 639; ECF No. 80-3, PageID.606, 612.  The detail had no

expiration.  ECF No. 80-3, PageID.606.  Deberry was issued a pair of black

New Balance shoes with a lift in the right shoe and was later given a newer

pair.  ECF No. 80-4, PageID.639, 641-642.  Although his medical detail

authorized only one pair of shoes, Deberry kept both.  *Id.*  When the newer

pair was damaged, Deberry began wearing the undamaged older pair.  *Id.*

In January 2020, Deberry had an offsite medical appointment and

reported for transport wearing a pair of personal athletic shoes.  *Id.*,

PageID.634, 639-640.  A transport officer verified with an MDOC nurse that

Deberry's personal shoes were not medically necessary while off site and

that he needed to wear state-issued shoes.  ECF No. 80-6, PageID.720;

ECF No. 80-7.  The officer let Deberry go to his unit to change his shoes,

and Deberry put on the older medical shoes.  ECF No. 80-4, PageID.635-

636, 641.  While he was in the unit, Deberry explained the situation to

Lennox and gave him the medical detail to review.  *Id.*, PageID.635; ECF No. 59-2, PageID.443.

Deberry claims that when he returned for transport to his medical appointment, he was told that his ride had left because Lennox reported that Deberry refused the medical run.  ECF No. 80-4, PageID.635-636. When Deberry returned to the unit, he discovered that Lennox had searched his cell and found the newer pair of medical shoes.  *Id.*, PageID.636; ECF No. 59-2, PageID.443.  Lennox asked to see the shoes Deberry was wearing, and Deberry handed one over.  ECF No. 80-4, PageID.636.  Lennox said that the shoes had been altered with black shoe polish and did not have Deberry's prisoner identification number marked inside them, in violation of MDOC policy.  *Id.*; ECF No. 80-8, PageID.726.

Deberry claims that Lennox took both pairs of medical shoes.  ECF No. 1, PageID.14-15; ECF No. 80-4, PageID.636, 657.  Lennox does not dispute this point but argues that both pairs were contraband under MDOC policy.  ECF No. 80, PageID.589-590.  Lennox gave Deberry misconduct tickets for possession of contraband and lying to an employee.  ECF No. 59-2, PageID.443; ECF No. 80-4, PageID.636; ECF No. 80-8, PageID.726, 728.

Deberry complained that he had no medical shoes to wear, and Lennox allegedly responded, "That's your problem and you probably would have a pair to wear if you did not threaten me with a grievance."  ECF No. 1, PageID.14-15 (cleaned up); ECF No. 81, PageID.740.  Deberry also claims that Lennox said that he "made a mistake to file a complaint against a staff member," referencing Deberry's complaint that former Defendant James Miller threatened him with a gun.  ECF No. 1, PageID.14-15; ECF No. 81, PageID.740.  Deberry said that he had to walk barefoot 80 feet back to his cell, using a cane and neck brace from a recent cervical fusion surgery.  ECF No. 80-4, PageID.636, 666-667.  Deberry claimed no physical injury, but said he experienced pain and embarrassment.  *Id.*, PageID.667-668, 679.

In his sole remaining claim, Deberry asserts that Lennox's confiscation of his medical shoes was retaliatory.  Lennox moves for summary judgment.  ECF No. 80.

## III.   Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's

function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## C.

To succeed on his retaliation claim, Deberry must show that: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) "there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [Deberry's] protected conduct." *Thaddeus-X v.*

5

*Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  The Sixth Circuit imposes a "high burden" for the third factor; there must be some evidence of retaliatory motive, and conclusory allegations are insufficient.  *Hill v. Lappin*, 630 F.3d 468, 475-76 (6th Cir. 2010).  If Deberry proves that his protected conduct was a motivating factor, the burden shifts to Lennox.  *Thaddeus-X*, 175 F.3d at 399.  But if Lennox shows by a preponderance of the evidence "that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment."  *Thaddeus-X*, 175 F.3d at 399.

Lennox concedes that Deberry has submitted evidence supporting his claim that the confiscation of his medical shoes was retaliatory, and that the burden thus shifts to Lennox to show that he would have taken the same action even without the protected activity.  ECF No. 82, PageID.743; *see also* ECF No. 1, PageID.14-15; ECF No. 81, PageID.739-740.  Lennox then argues that he would have confiscated the shoes even if Deberry had not engaged in protected conduct because Lennox was enforcing MDOC policies about contraband.  ECF No. 80, PageID.587-590.

MDOC Policy Directive (PD) 04.07.112 states that a prisoner's personal property—including clothing, shoes, and items authorized by a medical detail—must "be labeled or inscribed by staff with the prisoner's

6

identification number."  ECF No. 80-5, PageID.709 (¶ T), 714 (¶ 5), 716

(¶ 26).  The policy provides that "[i]t is the prisoner's responsibility to

request relabeling or inscription when necessary."  *Id.*, PageID.709 (¶ T).

Contraband is defined as:

> any personal property that is not specifically authorized by this
> policy, authorized property that has been altered, [and]
> personal property that is no longer functional as to its intended
> purpose unless the item can be repaired through the institution
> by an approved vendor and the prisoner agrees to immediately
> mail the item out for repair and can pay the full cost of mailing
> and repair.

*Id.*, PageID.711 (¶ DD) (cleaned up).  Prison staff must confiscate any

items believed to be contraband.  *Id.*, PageID.711 (¶ FF).

Lennox stated in the misconduct report that he seized the older pair

of shoes as contraband because they did not have Deberry's prisoner

number marked on them, they had been altered with paint, and they were

not authorized under the medical detail.  ECF No. 80-8, PageID.726.  After

a hearing, MDOC found Deberry guilty of possessing contraband because

the shoes had no identifying marks and were altered.  *Id.*, PageID.727.  On

appeal, MDOC upheld that decision, finding no policy or procedural error.

*Id.*, PageID.725.  Although the Sixth Circuit has held that a finding of guilt at

a prison misconduct hearing does not automatically bar a prisoner's

retaliation claim, such evidence may be relevant to evaluating the motive

for a defendant's actions at the summary judgment stage.  *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018).

The record supports MDOC's conclusion that the older pair of medical shoes were contraband.  First, Deberry admitted that they were not labelled with his prisoner number, meaning they were not authorized under PD 04.07.112(T).  ECF No. 80-4, PageID.636, 641-642.  Second, the shoes had been altered with black shoe polish, in violation of PD 04.07.112(DD).  *Id.*, PageID.636.  Last, Deberry admitted that his medical detail did not authorize him to have two pairs of medical shoes.  *Id.*, PageID.638, 642.

The newer medical shoes were also contraband. Deberry admitted that those shoes were not labelled with his prisoner number as required under PD 04.07.112(T).  *Id.*, PageID.636, 641-642.  And because the lift was coming off the right shoe, they were not functional for their intended purpose, making them contraband under PD 04.07.112(DD).  *Id.*, PageID.641.  Nor could they be immediately repaired.  Deberry admitted that he had been waiting for them to be repaired, and healthcare ordered him a new pair the day after they were confiscated.  *Id.*; ECF No. 80-3, PageID.607, 620-622.

Deberry offers no evidence rebutting Lennox's position that he would have confiscated the medical shoes as contraband regardless of Deberry's protected conduct.  For example, he does not claim that Lennox applied the contraband policies more strictly to him or that he was given harsher penalties.  Instead, Deberry argues that his medical shoes did not become contraband until he received a new medical detail the day after the shoes were confiscated.  ECF No. 81, PageID.737.  The Court disagrees and finds that the shoes were contraband under MDOC policy when they were confiscated.

Deberry also argues that a response to his grievance against Lennox did not conclude that his medical shoes were contraband, only that they were not medically necessary for offsite visits.  *Id.*; ECF No. 80-6.  Even so, the shoes were contraband, as found during the misconduct hearing and upheld on appeal.  ECF No. 80-8, PageID.725-727.

Simply put, there is no genuine dispute of fact that Deberry's medical shoes were contraband.  Lennox has shown by a preponderance of the evidence that he properly confiscated them under MDOC policy and that he would have done so even without the alleged protected activity.  Thus, Lennox is entitled to summary judgment.  *See Williams v. Mich. Dep't of Corr.*, No. 1:06-CV-837, 2008 WL 607408, at *10 (W.D. Mich. Feb. 29,

2008) (the defendants were entitled to summary judgment because they showed that they confiscated the plaintiff's papers as contraband under MDOC policy); *Moore v. Burt*, No. 06-CV-10541-DT, 2006 WL 3298325, at *6 (E.D. Mich. Nov. 13, 2006) (the defendants showed that they would have taken the same action despite the plaintiff's protected activity, as the property was confiscated pursuant to a legitimate prison policy directive).

## IV.    Conclusion

The Court **RECOMMENDS** that Lennox's motion for summary judgment be **GRANTED** (ECF No. 80).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 5, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are

10

preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2024.

s/Julie Owens_____
JULIE OWENS
Case Manager