UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTON DEBERRY,

    Plaintiff,

v.

MICHAEL LENNOX,

    Defendant.
_____/

Case No. 2:21-cv-10409
Hon. Brandy R. McMillion
Mag. Judge Elizabeth A. Stafford

## ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 83), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 84), AND GRANTING MOTION FOR SUMMARY JUDGMENT (ECF NO. 80)

Plaintiff Quenton Deberry filed this *pro se* prisoner civil rights action, pursuant to 42 U.S.C. § 1983, against several Michigan Department of Corrections ("MDOC") Officers (Kalisik, Kauser, Carpenter, Lennox, and Miller) alleging interference with special medical accommodations, assault and battery, mental distress, and retaliation. *See generally* ECF No. 1. The case was originally assigned to the Honorable Judge Bernard A. Friedman, and upon initial screening, Officers Kalisik, Carpenter, and Kauser were all dismissed from the case. ECF No. 6. Judge Friedman then referred all pretrial matters to the Honorable Magistrate Judge Elizabeth A. Stafford. ECF No. 24.

1

In April 2023, Deberry and Officer Miller stipulated to the dismissal of Officer Miller from this case. ECF No. 69. After significant motion practice between Deberry and Officer Lennox, what remains before the Court are Deberry's claims that Officer Lennox retaliated against him for filing grievances and complaints by confiscating his medical shoes in violation of the First Amendment. ECF No. 1 at PageID.17. On November 20, 2023, Officer Lennox moved for summary judgment on these claims. ECF No. 80. The parties fully briefed that motion. *See* ECF Nos. 81-82. Magistrate Judge Stafford issued a Report and Recommendation ("R&R") suggesting that the Court grant Defendant's Motion for Summary Judgment. ECF No. 83. Deberry timely objected to the R&R and Officer Lennox responded to those objections. ECF Nos. 84-85.

On June 28, 2024, this matter was reassigned to the undersigned. Having reviewed the record and considering Deberry's objections *de novo*, the Court concludes that his arguments are without merit. Accordingly, the Court will **ADOPT** the R&R's recommended disposition, **OVERRULE** Plaintiff's Objections to the R&R, and **GRANT** Defendant's Motion for Summary Judgment.

**I.**

The Court incorporates the facts detailed in the R&R, as no party objects to the recitation of the facts contained therein. *See* ECF No. 83 at PageID.751-753. In summary, Deberry was granted a medical accommodation and provided with special

2

athletic shoes to account for a disproportion in his limbs. At some point, he was given a replacement pair of shoes but also kept the original prescribed shoes in his cell. In January 2020, Officer Lennox confiscated both pairs of shoes as contraband finding that they were not properly labeled, one pair had been altered, and Deberry was not authorized to have two pair of medical shoes. Deberry asserts that Lennox's actions were not justified and merely retaliatory.

Officer Lennox moved for summary judgment arguing that he is entitled to judgment as a matter of law because (i) Deberry cannot establish the elements of a retaliation claim, and (ii) Lennox did not violate any clearly established constitutional right and he is entitled to qualified immunity. *See generally* ECF No. 80. Deberry responded and the motion was fully briefed. ECF Nos. 81-82.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*,

3

932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3, 2013 U.S. Dist. LEXIS 44411 at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## III.

Deberry lodges two objections to Magistrate Judge Stafford's R&R. *See* ECF No. 84. The Court overrules both objections and will address each in turn.

**Objection 1**: Deberry argues that the policy on which Lennox relied to classify his shoes as contraband (PD 04.07.112) does not require prisoner medical

4

items to be labeled or inscribed by staff with prisoner identification numbers. *Id.* at PageID.762-763.

PD 04.07.112 states in relevant part:

> All appliances, footlockers, and personal clothing items, except for religious clothing items, shall be labeled or inscribed by staff with the prisoner's identification number prior to being given to the prisoner. *Additional property items that must be labeled or inscribed by staff are identified in Attachments A through C.* Other property items shall be labeled or inscribed only if requested by the prisoner. All labeling and inscribing shall be done neatly, using block numbers placed as inconspicuously as possible. Items shall be relabeled or inscribed again as necessary to ensure proper identification of ownership. It is the prisoner's responsibility to request relabeling or inscription when necessary.

ECF No. 80-5, PageID.709 (emphasis added). Attachment C contains a list of items that are allowed and that "must be labeled with the prisoner's identification number . . . ." *Id.* at PageID.714. That list includes "Health Items" and specifically identifies "*medically necessary items* authorized pursuant to . . . PD 04.06.160 'Medical Details and Special Accommodation Notices.'" *Id.* at PageID.716 (emphasis added).

Contrary to Deberry's assertions that the Magistrate Judge confused "personal property" with "state issued property," his medical shoes were required to be labeled under the policy. This was also the finding at his misconduct hearing and on appeal. ECF No. 80-8, PageID.725, 727. Therefore, his objection is overruled.

**Objection 2**: Deberry argues that his shoes were not contraband when he added shoe polish to them because shoe polish is meant to be placed on shoes and at some point, the prison provided shoe polish to inmates. ECF No. 84 at PageID.763.

> Contraband is defined as:
>
>> For purposes of this policy, contraband is defined as *any personal property that is not specifically authorized by this policy*, authorized property that is in excess of allowable limits, *authorized property that has been altered*, authorized property that was obtained or sent from an unauthorized source, metered envelopes that reflect tampering, and authorized property that belongs to another prisoner. Contraband also includes *personal property that is no longer functional as to its intended purpose* unless the item can be repaired through the institution by an approved vendor and the prisoner agrees to immediately mail the item out for repair and can pay the full cost of mailing and repair. An authorized publication is not considered altered solely due to pages of the publication being removed (e.g., pictures cut out) or portions of it blocked out.

ECF No. 80-5 at PageID.711 (emphasis added).

Deberry's argument fails because by the terms of the policy, his medical shoes were not allowed to be altered. While it is true that shoe polish is for shoes, the policy is clear that "authorized property" (in this case, shoes provided pursuant to a medical detail and special accommodation notice) are not allowed to be altered. *Id.* Moreover, as Lennox argues in his response to Deberry's objections, the medical shoes still would have been considered contraband because they did not have

6

identifying marks on them and his medical detail did not entitle him to more than one pair of medical shoes. ECF No. 85, PageID.771. Deberry acknowledged this in his deposition leaving no material facts in dispute. *See* ECF No. 80-4, PageID.636, 638, 642. Therefore, his objection is overruled.

To succeed on his First Amendment retaliation claim, Deberry is required to prove that (i) he engaged in protected activity; (ii) Lennox took an adverse action against him that would deter a person of ordinary firmness from engaging in the protected conduct; and (iii) there is a causal connection between his conduct and Lennox's action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Once Deberry can show the above, if Lennox shows by a preponderance of the evidence that he would have taken the same action in the absence of Deberry's protected activity, Lennox is entitled to summary judgment on the retaliation claim. *Id.* at 399.

Lennox concedes that Deberry has made a *prima facie* showing of retaliation; however, he argues that he would have confiscated the shoes regardless of Deberry's grievances and complaints, because the shoes were contraband. ECF No. 82 at PageID.739-740. Having overruled Deberry's objections, the Court finds that the shoes were in fact contraband and Lennox has shown by a preponderance of the evidence that he would have confiscated them in accordance with MDOC policies. Therefore, he is entitled to summary judgment on the retaliation claims.

7

**IV.**

Based on the above, the Court finds that there is no genuine issue of material fact with respect to whether Officer Lennox had a legitimate reason to confiscate the medical shoes as contraband, and therefore summary judgment is proper.

Accordingly, Magistrate Judge Stafford's Report and Recommendation (ECF No. 83) is **ACCEPTED AND ADOPTED** as this Court's factual findings and conclusions of law. The Court **ACCEPTS** the recommended disposition of Magistrate Judge Stafford's Report and Recommendation. Plaintiff's Objections (ECF No. 84) are **OVERRULED**.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 80) is **GRANTED**.

**This is a final order that closes the case.**

**IT IS SO ORDERED**.

Dated: July 24, 2024                                         s/Brandy R. McMillion
                                                                                          Brandy R. McMillion
                                                                                          United States District Judge